## MATTER OF THE CENTRAL RAILROAD COMPANY OF LONG ISLAND.

*Railroad — powers of commissioners to locate the crossing of roads.*

A commission appointed to ascertain and determine the points and manner of the crossing by one railroad of another, has no power to locate the crossing at any place other than that stated in the petition and order; nor to review any fact on which the order was based, nor to question the right of the petitioner to a crossing; nor has such commission power to regulate the rate of speed at which trains on the intersecting roads shall pass the crossing.

Matter of the Central Railroad Co. of Long Island.

APPEAL from the report of a commission appointed by the court to ascertain and determine the compensation to be made to the Long Island Railroad Company by the Central Railroad Company of Long Island for a crossing over said Long Island Railroad, and to ascertain the points and manner of such crossing and the facilities to be afforded, and from the order confirming said report.

On the petition of the Central Railroad Company of Long Island setting forth its incorporation, its intention to construct its road; that it had surveyed and located its route; that it was necessary to cross the Long Island Railroad at a certain point designated; that it had been unable to agree with the said Long Island Railroad Company upon the points and manner of crossing, or the compensation to be awarded therefor, and asking the appointment of a commission, the court, at special term, appointed three commissioners "to ascertain and determine the facilities to be afforded the said company by the Long Island Railroad Company in forming its intersection with the said Long Island Railroad by a double track at the point mentioned in the said petition, and to ascertain and determine the points and manner of such crossing and the compensation to be awarded therefor, and to ascertain the rights, interest and estate of the said Long Island Railroad Company in the lands occupied by said company at the point of crossing."

At the meeting of the commissioners so appointed, counsel for the Long Island Railroad Company objected that the Central Railroad Company was not the owner of the road. The commissioners declined to entertain the objection. The Long Island Railroad Company then offered to prove that the Central Railroad Company owned no land or road at the point where they sought a crossing. This evidence was ruled out. The Long Island Railroad Company then introduced evidence tending to prove that the point of crossing designated by the Central Railroad was dangerous and impracticable, and that there was another point not far removed that would be safe and practicable. The commissioners decided that they had no power under the order of the court to locate the crossing at any point other than that stated in the petition and order.

After hearing the evidence, etc., the commissioners made their report, fixing the points and manner of crossing and the compensation, and providing that "the rate of speed on both roads should be so reduced as to make such crossing safe, not to exceed ten miles per hour."

This report was confirmed at special term, and the Long Island Railroad Company appealed.

*Alexander Hagner*, for appellants, contended that the commissioners erred, among other things : 1st. In refusing evidence to show that the Central Railroad Company was not the owner of the road, and owned no land or road at the point where the crossing was sought. 2d. In deciding that they had no power to locate the road at a point other than stated in the petition and order. 3d. In ordering that the speed of trains shall be reduced to ten miles an hour.

*Hinsdale & Sprague*, for respondents.

BARNARD, P. J. The commissioners were right in their determination that they had no power to change the place of crossing. The campany are required, before constructing any part of their road into a county, to make and file a map ; and if the location thus made is not changed by a commission, as provided by law, it remains the route of the railroad, and the commissioners to regulate the points and manner of crossing another road have no right to change it. Chap. 140, Laws of 1850, sec. 22.

The commissioners had no power to review any fact on which the order appointing them was based. They could not question the right of the petitioner to a crossing.

The offer to prove that petitioner did not own the land at the point it sought to cross was properly rejected. The commissioners, I think, were not authorized by the railroad act to regulate the rate of speed under which the connecting roads should cross each other. Every company is required to unite with a new railroad in forming intersections, with turnouts, switches and other conveniences ; and if the two companies cannot agree upon compensation at the points and manner of crossing the same shall be determined by a commission. Sec. 28, sub. 6, chap. 140, Laws 1850.

It seems that the commissioners' duties do not include the question of speed. Prudence and the safety of the passengers would call for a low rate of speed at the crossing. That duty is imposed by law.

The order should be modified, by striking out the provision regulating rate of speed, and affirmed in other respects.

*Ordered accordingly.*